IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**ROOSEVELT TURNER,**

    **Defendants.**                                 Case No. 05-CR-30015-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

This Order is to memorialize the action taken by the Court on August 24, 2006 (Doc. 390), which granted (1) a motion to continue filed by Ronald Jenkins, Defendant Turner's appointed counsel, on August 16, 2006 (Doc. 382); (2) a motion to continue filed by James Knappenberger, Defendant Turner's retained counsel, on August 21, 2006 (Doc. 384); and (3) a motion to continue filed by Ranley Killian for the government on August 23, 2006 (Doc. 389).  Prior to granting the motions, the trial was set for September 18, 2006.  Just prior to the filing of the these motions, Defendant Turner's retained counsel, Irl Baris, had been disqualified by the Court, due to potential conflicts of interest. (Doc. 371.)  Jenkins was appointed to represent Defendant Turner, but subsequently Turner opted instead to retain Knappenberger. Jenkins and Knappenberger each requested a continuance in order to give Defendant Turner's newly retained counsel sufficient time to adequately prepare for trial.  (Docs. 382 and 384.)  In addition, the government's motion to continue stated that Charles

Huntley, a co-defendant, had just been arrested and would be available for transfer to federal custody in late October or early November. (Doc. 389.) Government's motion noted that a continuance would allow for both defendants to be tried jointly and also would give defendants' counsel sufficient time to prepare. (*Id.*) In addition, Defendant Turner signed a waiver of speedy trial in connection with the motion to continue. (Doc. 384.)

As shown on the Record, the Court granted Defendant Turner's Motion to Continue (Doc. 390), continuing the trial date until February 26, 2007 (*see* Doc. 390). The Court did so upon finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendants in a speedy trial. Although this finding was made "in the judge's mind before granting the continuance . . ." the Court now endeavors to memorialize its finding in this subsequent order, so that they may be made part of the record. ***See Zedner v. United States*, - - U.S. - -, 126 S. Ct. 1976, 1989 (2006); *see also United States v. Larson*, 417 F.3d 741, 743 (7th Cir. 2005)(Speedy Trial Act findings are not necessarily required to be made contemporaneously with continuance order); *United States v. Janik*, 723 F.2d 537, 544 (7th Cir. 1983)("[R]equired findings [under the Speedy Trial Act] need not be entered at the same time as the grant of the continuance.")(citing *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982))**.

First in considering whether to grant the continuance, the Court noted

that the case was complex, due to the fact that the case apparently involved wiretap or telephonically intercepted information, which can typically make discovery more involved. Because Defendant Turner had retained counsel less than a month prior to the set date for trial, and given that the discovery materials were apparently numerous (with some materials not yet obtained), denying a continuance would also likely serve to deny Defendant Turner's counsel reasonable time necessary for effective preparation, even if he were to act with due diligence. In sum, the Court found that denial of a continuance at that time, given the circumstances, would likely result in a miscarriage of justice, even when weighed against the interest of the public and the Defendants in conducting a speedy trial.

This reasoning, therefore, justified the Court in finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendants in a speedy trial. This finding also allowed the time from the first Motion to Continue (Doc. 382) on August 16, 2006, until the date to which the trial was then rescheduled, February 26, 2007 (Doc. 390), to count as excludable time under the Speedy Trial Act. Accordingly, the Court's findings herein regarding its Order (Doc. 390) granting each of the motions to continue (Docs. 382, 384, and 389) are now part of the record.

**IT IS SO ORDERED.**

Signed this 13th day of September, 2006.

/s/       David   RHerndon
**United States District Judge**