IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ROOSEVELT TURNER,**

**Defendant.**                                              Case No. 05-cr-30015-DRH

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, District Judge:**

Before the Court is Defendant Turner's Motion for a Pretrial Determination of the Admissibility of Coconspirator Statements. (Doc. 421.) The Government has filed a response in opposition to the Motion. (Doc. 444.) In his Motion, Turner seeks an order requiring the Government to provide a pretrial proffer, either by written submission or pretrial evidentiary hearing, regarding evidence it intends to use at trial as "statements of coconspirators in furtherance of the conspiracy" (Doc. 421, p. 1). Such statements generally fall under the hearsay exception found in **Federal Rules of Evidence 801(d)(2)(E)**. However, as a preliminary question, the Court must determine the admissibility of such coconspirator statements (Doc. 422, p. 2, citing ***United States v. Santiago*, 582 F.2d 1128, 1131 (7th Cir. 1978)**). Therefore, Turner ultimately seeks a

determination from the Court on the admissibility of coconspirator statements the Government intends to use.

In order for co-conspirator statements to be admissible, the Government has the burden of proving by a preponderance of the evidence that "a conspiracy existed, that both the defendant and the declarant were members of the conspiracy, and that the declarant made the statement in furtherance of the conspiracy." ***United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985)(citing *Santiago*, 582 F.2d at 1134)**.  In lieu of requiring a preliminary written proffer or conducting a pretrial evidentiary hearing, the Court also has the option of:

> *[R]ul[ing] on each statement as it is elicited based on the evidence the Government has adduced to that point; the [C]ourt can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so providing being a possible mistrial).*

***United States v. McClellan*, 165 F.3d 535, 553-54 (7th Cir. 1999)(citing *Andrus*, 775 F.2d at 836-37)(emphasis in original)**.

Because the Government is unable to identify any statements at this time that would be admissible only under the **Rule 801(d)(2)(E)** exception, the Court deems a pretrial determination of admissibility to be premature. Therefore, Turner's Motion (Doc. 421) is **DENIED**, as the Court elects to determine admissibility of such

statements during trial.

**IT IS SO ORDERED.**

Signed this 9th day of November, 2006.

/s/         David   RHerndon
**United States District Judge**
