# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ROOSEVELT TURNER,** | ) | |
| | ) | |
| **Defendant.** | ) | No. 05-CR-30015 |

## ORDER

**HERNDON, District Judge:**

Pending before the Court is a motion in limine filed by Defendant (Doc. 509) and a motion in limine filed by the Government (Doc. 511).

The Defendant's motion seeks an order from the Court allowing the introduction of evidence that Joe Sharp falsely testified at the trial of Anthony Womack, if Mr. Sharp is called as a witness by the Government. (Doc. 509.) As the Government notes in its response (Doc. 510), the Court held a hearing on Septmber 8, 2006 during which the Court considered statements made by Mr. Sharp regarding his drug use at the trial of Mr. Womack.  The Court found that the question was ambiguous and, therefore, it was unclear whether Mr. Sharp's answer was, in fact, a misrepresentation.  Hence, the Court was unwilling then, and is certainly unwilling now, to find that Mr. Sharp had committed perjury.  Therefore, Defendant's motion is **DENIED**.

1

The Government's motion in limine requests that defense counsel be prohibited from mentioning or arguing punishment to the jury. (Doc. 511.) Because the function of the jury is to determine the guilt or innocence of the Defendant, without regard to the sentence that might be imposed, ***Rogers v. United States*, 422 U.S. 35, 40 (1975)**, the Government's motion is **GRANTED.**

Accordingly, Defendant's motion in limine regarding statements made by Joe Sharp (Doc. 509) is **DENIED** and the Government's motion in limine (Doc. 511) regarding mentioning possible punishments to the jury is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 20th day of February, 2007.

<u>/s/        David   RHerndon</u>
**United States District Judge**