IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | |
| ) | |
| ROOSEVELT TURNER,   ) | |
| ) | |
| Defendant.   ) | No. 05-CR-30015 |

**ORDER**

**HERNDON, District Judge:**

**Introduction**

Now before the Court is the Government's motion in limine seeking to admit evidence of Defendant's flight as consciousness of guilt. (Doc. 500.) For the following reasons, the Court **GRANTS** the Government's motion. (Doc. 500.) The Government may introduce evidence of Defendant's flight as evidence of Defendant's consciousness of guilt.

**Analysis**

In the Seventh Circuit, the determination of whether evidence of a defendant's flight is admissible hinges on "the degree of confidence with which four inferences can be drawn: (1) from behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged;

1

and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." ***United States v. Levine*, 5 F.3d 1100, 1107 (7th Cir. 1993).**

### A.   Chronology of Arrests and Court Appearances

The chronology of arrests and court appearances of the Co-Defendants of this Defendant is set out below.  It defies logic that this Defendant did not learn at some time, from some Co-Defendant, that he was named a Defendant as well.  Defendant's flight, coupled with Defendant's knowledge that he was charged in the conspiracy with his Co-Defendants and that he was being sought, gives rise to a strong inference of Defendant's guilt.

### Chronology[1]

- 1/19/05 - Kareem Hamilton and Kunte Kinte Goree arrested pursuant to complaint and initial appearance held

- 2/9/05 - Warrant issued on Defendant Roosevelt Turner

- 2/15/05 - Indictment as to all Co-Defendants

- 2/15/05 - Carl Parker, Anthony Watts, Travis Norman, and Anthony Womack  appear in court pursuant to arrest for initial appearance

- 2/18/05 - Anthony Womack released on bond

- 3/11/05 - Timothy Weddle appears in court for initial appearance

- 4/13/05 - Jesse Duncan appears in court for initial appearance 4/13/05

- 4/18/05 - Jesse Duncan released on bond

---

[1] The individuals discussed within this chronology are all Co-Defendants of Roosevelt Turner.

- 4/25/05 - Bond for Jesse Duncan revoked; Duncan detained
- 10/6/06 - Kunte Kinte Goree pleads guilty
- 10/20/05 - Superseding Indictment
- 10/27/05 - Joe Sharp appears in court for initial appearance; Sharp released on bond
- 11/22/05 - Kareem Hamilton pleads guilty
- 12/09/05 - Charles Tuggle appears in court for initial appearance
- 12/14/05 - Charles Tuggle released on bond
- 1/25/05 - Timothy Weddle pleads guilty
- 1/27/05 - Jesse Duncan pleads guilty
- 2/10/06 - Kunte Kinte Goree sentenced
- 2/14/06 - Anthony Watts pleads guilty
- 3/6/06 - Charles Tuggle pleads guilty
- 3/10/06 - Carl Parker pleads guilty
- 3/13/06 - First jury trial of Anthony Womack begins
- 3/16/06 - Mistrial declared per hung jury in trial of Anthony Womack
- 3/24/06 - Kareem Hamilton sentenced
- 4/03/06 - Second jury trial of Anthony Womack begins
- 4/05/06 - Jury verdict of guilty returned regarding Anthony Womack
- 6/2/06 - Jesse Duncan sentenced
- 6/14/06 - Roosevelt Turner arrested

### B.   Additional Facts Giving Rise to an Inference of Defendant Turner's Guilt

The Court is also presented with an offer of evidence by the Government that within six months after he was indicted Defendant relocated to Bossier, Louisiana where he obtained a state identification card under a false name. Obtaining an identification card with a false name is indicative of Defendant's intent to conceal his real name from legal authorities, suggesting that Defendant knew that there was a warrant out for his arrest. Also, the Government offers evidence that the woman Defendant was keeping company with and in whose name the apartment was rented knew Defendant was a fugitive. The Courts infers that she learned that Defendant was a fugitive from the Defendant. These facts further support a finding that evidence of Defendant's flight should be admissible as evidence of Defendant's guilt.

### <u>Conclusion</u>

For the foregoing reasons, the Court finds that evidence concerning Defendant's flight to Louisiana may be introduced as evidence of Defendant's guilt. The Government's motion (Doc. 500) is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 20th day of February, 2007.

/s/      David   RHerndon
**United States District Judge**