IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ROOSEVELT TURNER,**

**Defendant.**                                    Case No. 05-cr-30015-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

Now before the Court is Defendant Roosevelt Turner's motion for judgment of acquittal after verdict, or, in the alternative, motion for new trial. (Doc. 531.) The Government has filed a response in opposition to the Motion. (Doc. 538.) The Court, in its discretion, has determined that a hearing on Defendant's motion (Doc. 531) is unnecessary. ***See United States v. Hedman***, **655 F.2d 813, 814 (7th Cir. 1981).** As set forth below, the Court has reviewed each of the rulings to which Defendant has objected. Defendant has not offered any new arguments or new evidence in support of his motion. As such, the Court stands by its previous rulings and the reasoning offered in support of each of the following rulings:

1. Defendant maintains that the Court erred in overruling Defendant's pre-trial motion to suppress physical evidence seized and motion to suppress electronic surveillance (Docs. 475, 476). On February 2, 2007, the Court held a hearing on the motions, at which time counsel for Defendant had ample opportunity to argue his motions. Quite honestly, the Court is surprised at Defendant's assertion that the Court erred in failing to give Defendant a full evidentiary hearing pursuant to ***Franks v. Delaware*, 438 U.S. 154 (1978)** as Defendant's counsel seemed to concede during the course of the hearing that he had not satisfied the test laid out in ***Franks***. Defendant failed to prove that certain misstatements were intentional/reckless or that without the statements probable cause would not exist. The Court remains convinced of the correctness of its rulings on each of these motions.

2. Defendant argues that the Court erred in granting the Government's motion to admit evidence under **FED. R. EVID. 404(b)** and overruling Defendant's objections to the admission of such evidence. The Court stands by the case law and reasoning it relied upon in reaching its conclusion that the evidence the Government wished to introduce pursuant to **Rule 404(b)** should have been admissible. In fact, as the Court stated on the record, the case law on the issues provided by Defendant's counsel at the close of the first day of trial was more in support of the Government's position than his own.

3. Defendant posits that the Court erred in granting the Government's

motion to allow it to introduce evidence of Defendant's flight. The Court stands by the reasoning contained within its Order granting the Government's motion. (Doc. 514.)

4. Defendant maintains that the Court committed prejudicial error in overruling Defendant's motion to suppress and exclude evidence concerning the stop, search, and seizure of evidence obtained during a traffic stop of Defendant's vehicle on November 4, 2004. The Court stands by its ruling and the reasoning offered during trial.

5. Defendant argues that the Court erred in overruling Defendant's motion to strike the panel because it was not fairly representative of Defendant's race. The Court stands by the reasoning it relied upon in reaching its ruling following Defendant's objection during voir dire.

6. Defendant contends that the Court erred in findings the existence of a conspiracy and allowing in what Defendant considered would otherwise be hearsay statements of co-conspirators, pursuant to **FED. R. EVID. 801(d)(2)(E)**. In an Order dated November 9, 2006, the Court determined that it would be premature to make a finding regarding the existence of a conspiracy, and therefore the admissibility of co-conspirators' statements, until presented with the evidence at trial. (Doc. 456.) After the Court heard sufficient evidence establishing the existence of a conspiracy, the Court admitted the statements of Defendant's coconspirators that would otherwise be considered hearsay. The Court stands by its ruling and the reasoning offered in support thereof.

7. Defendant argues that the Court erred in overruling Defendant's objections to witnesses who offered opinions and/or conclusions as to the meaning of various conversations contained on the Government's wiretapped calls. The Court maintains that the witnesses' opinions were admissible. The Court remains convinced of the correctness of its ruling and the reasoning relied upon.

8. Defendant posits that the Court erred in admitting various items of physical evidence, which the Court concluded were related to the conspiracy. In the Court's judgment, sufficient evidence was presented to establish the conspiracy and, therefore, the evidence was properly admitted. The Court stands by its ruling.

9. Defendant argues that the Court erred in overruling objections of Defendant to testimony of the other five co-conspirators when they testified as to their opinion of the meaning of the conversations or statements made by others allegedly involved in the conspiracy. The Court affirms its repeated rulings on Defendant's objections to the admissibility of these opinions and still believes that the reasoning it relied upon was sound.

10. Defendant maintains that the Court erred in not allowing Defendant to produce evidence that Joe Sharp had smoked marijuana or had marijuana in his system when he testified at an earlier trial in 2006. The Court stands by its rulings on this issue. In an Order dated February 20, 2007, the Court denied Defendant's motion in limine (Doc. 509), which sought an order from the Court allowing the introduction of evidence that Joe Sharp falsely testified at the trial of Anthony Womack. (Doc. 512.) At the time Defendant's motion was filed, the Court had not

found that Mr. Sharp had testified falsely and, therefore, there was no basis for Defendant's contention that Mr. Sharp had made a prior inconsistent statement. However, prior to the beginning of trial, the Court agreed that Defendant could ask Mr. Sharp about his prior drug use, but only as to the day he testified at Mr. Womack's trial, since the Seventh Circuit has held that a witness' drug use is only relevant to the extent that it relates to the witness' ability to "perceive the underlying events and testify lucidly at trial." ***Jarrett v. United States*, 822 F.2d 1438, 1445 (7th Cir. 1987)**.  The Court maintains that its rulings and the reasoning relied upon on this issue both prior to and at trial correctly interpreted both the **FEDERAL RULES OF EVIDENCE** and relevant case law.

11. Defendant contends that the Court erred in allowing Agent Matthews to testify as to his opinion and/or conclusion as to the meaning of certain words, phrases, and parts of conversation that were recorded pursuant to the Title III application in this case.  The Court affirms its rulings on Defendant's objections to the admissibility of these opinions and still believes that the reasoning it relied upon was sound.

12.  Defendant argues that the Court erred in overruling Defendant's objection to Government Instruction No. 13, 3.04 7th Circuit Pattern Instructions. The Court maintains that the 404(b) evidence was properly admitted, as discussed above in paragraph two, and therefore, Government Instruction No. 13 was appropriate.

13. Defendant posits that the Court erred in overruling Defendant's objection to Government Instruction No. 18, because Defendant believes that the Government failed to prove the existence of a conspiracy. The Court stands by its rulings that enough evidence had been produced to prove the existence of a conspiracy and, therefore, the Court was correct in overruling Defendant's objections to Government Instruction No. 18.

14. Defendant argues that the Court erred in overruling Defendant's objection to Government Instruction No. 21, because Defendant believes that the evidence presented did not support the submission of this instruction and that it improperly instructed the jury as to fact and law. This instruction deals with "evidence of acts of the defendant other than those charged in the indictment" and directs the jury that they "may consider this evidence only on the question of knowledge and intent. You should consider this evidence only for this limited purpose." (Gov't Instr. No. 21.) As discussed in paragraph two, the Court maintains that Defendants prior acts were properly admitted under **FED. R. EVID. 404(b)** and, therefore, Government Instruction No. 21 was properly admitted.

15. Lastly, Defendant contends that the Court erred in overruling Defendant's motion for judgment of acquittal at the close of the Government's evidence. The Court strongly disagrees. The Government produced more than a sufficient amount of evidence to sustain a conviction of the Defendant. The case was properly submitted to the jury for their deliberations.

For the foregoing reasons, the Court **DENIES** Defendant's motion for

judgment of acquittal after the verdict, or, in the alternative, motion for new trial. (Doc. 531.)

        **IT IS SO ORDERED.**

Signed this 10th day of April, 2007.

                                              /s/      David   RHerndon
                                            **United States District Judge**