IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cr-30015-002 -JPG |
| ) | |
| ROOSEVELT TURNER, ) | |
| Reg. No. 13219-035, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 881). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant Roosevelt Turner was eligible for application of the 2014 retroactive guideline amendment. The Defendant and the Government were provide a copy of the motion and allowed 21 days in which to respond. No response has been filed by either party.

The Defendant was tried by jury and was found guilty one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. He was sentenced to 360 months and he appealed. The United States Court of Appeals for the Seventh Circuit vacated the Defendant's conviction and sentence and remanded the case for retrial. (Doc. 753). Prior to retrial, the Defendant entered into a binding plea agreement with the government and entered a plea of guilty to one count of conspiracy to distribute cocaine. (Docs. 789 & 790). Per the plea agreement, the Defendant was sentenced to 144 months. (Doc. 792).

The Defendant's original sentencing calculations[1] were determined to be a base offense level of 40 with a criminal history category of I which resulted in a sentencing range of 292 to 365 months. (Doc. 794). As noted above, based on the binding plea agreement, the Defendant was sentenced 144 months.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the second criterion because allowing a reduction would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2014). That section provides that the guideline range reduction contained in Amendment 782 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (d) (2014). One of those limitations is that the Court may not reduce a defendant's term of imprisonment to a term that is lower than the amended guideline range unless an existing below-guideline sentence was imposed as a result of the Government's request for a lower sentence due to the defendant's substantial assistance to

---

[1] The references to the U.S.S.G. are to the 2007 version with regard to the original calculations.

the Government.  U.S.S.G § 1B1.10(b)(2)(A) & (B) (2014).  The defendant's original term of imprisonment (144 months) is already lower than the amended guideline range (262 to 327 months), so any reduction from that sentence would also be lower than the amended guideline range.  However, since the existing below-guideline sentence was not a result of a Government motion based on the defendant's substantial assistance, a reduction from that sentence would be inconsistent with U.S.S.G § 1B1.10(b)(2)(A) & (B) (2014).  Therefore, the Court cannot reduce the defendant's sentence.

Assistance Federal Public Defender Judith A. Kuenneke entered her appearance for the sole purpose of reviewing Defendant's case for retroactive application for reduction.  Having determined that the defendant cannot satisfy the criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, Counsel Kuenneke nows moves to withdraw her appearance.

Based on the above, Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 881) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send a copy of this Order to the Defendant.

**IT IS SO ORDERED.**

**DATED:**  7/30/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**